IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TERRENCE J. HANCOCK, WILLIAM LOGAN, JOHN LISNER, DALE BOLT, BRAD WEBB, JAMES BUIK, MICHAEL I. RICHARDSON, and EDWARD DENORMANDIE as Trustees of LOCAL No. 731, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, GARAGE ATTENDANTS, LINEN AND LAUNDRY HEALTH & WELFARE FUND, <br><br>and<br><br>TERRENCE J. HANCOCK, WILLIAM LOGAN, JOHN LISNER, STEVE VOGRIN, THOMAS YONKER, and MICHAEL RICHARDSON as Trustees of LOCAL No. 731, INTERNATIONALBROTHERHOOD OF TEAMSTERS, PRIVATE SCAVENGERS AND GARAGE ATTENDANTS PENSION FUND,<br><br>Plaintiffs,<br><br>v.<br><br>RIZZA CHEVROLET, INC.,<br><br>Defendant. | Case No.<br><br>Judge:<br><br>**FILED: JUNE 26, 2008**<br>**08CV3657**<br>**JUDGE ANDERSEN**<br>**MAGISTRATE JUDGE VALDEZ**<br>**AEE** |

## COMPLAINT

Plaintiffs TERRENCE J. HANCOCK, WILLIAM LOGAN, JOHN LISNER, DALE BOLT, BRAD WEBB, JAMES BUIK, MICHAEL I. RICHARDSON and EDWARD DENORMANDIE as Trustees of LOCAL No. 731, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, GARAGE ATTENDANTS, LINEN AND LAUNDRY HEALTH & WELFARE FUND ("Welfare Fund") and TERRENCE J. HANCOCK, WILLIAM LOGAN, JOHN LISNER, STEVE VOGRIN, THOMAS YONKER and MICHAEL RICHARDSON as Trustees of LOCAL No. 731, I. B. of T. PRIVATE SCAVENGERS AND GARAGE ATTENDANTS PENSION FUND ("Pension Fund") (collectively, "the Funds"), through their attorneys, Dowd, Bloch & Bennett, by way of its complaint

against Defendant RIZZA CHEVROLET, INC., state as follows:

**FAILURE TO PAY EMPLOYEE BENEFIT FUND CONTRIBUTIONS**

1. The Funds are multiemployer benefit plans within the meaning of Sections 3(3) and 3(37) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1002(3) and (37A). The Trustees and the Funds maintain offices and conduct business within this district.

2. Defendant RIZZA CHEVROLET, INC., (hereinafter "Defendant Company"), is an Illinois corporation that is registered to do business in the state. At all relevant times, the Defendant Company was doing business within this district and was an employer within the meaning of ERISA Section 3(5), 29 U.S.C. §1002(5) and Section 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185(a)

3. Jurisdiction and venue are vested in this Court under ERISA Sections 502(e)(1) and (2), 29 U.S.C. §1132(e)(1) and (2), and LMRA Sections 301(a) and (c), 29 U.S.C. §185(a)&(c).

4. The Excavating, Grading, Asphalt, Private Scavengers, Automobile Salesroom Garage Attendants and Linen and Laundry Drivers Local Union No. 731, I. B. of T. ("Local No. 731") is a labor organization within the meaning of 29 U.S.C. §185(a). At all relevant times, the Defendant Company was a party to successive collective bargaining agreements (herein "Agreement"), which obligate the Defendant Company to make monthly contributions on behalf of all of its employees covered by the Agreement for health-welfare and pension benefits and to submit monthly remittance reports in which the Defendant Company, *inter alia,* identifies the employees covered under the Agreement and the amount of contributions to the Funds remitted on behalf of each covered employee by the 20th of every month or be subject to 10% late fee, which increases to

10% once a lawsuit is filed, as liquidated damages and assessed interest on any late payment and collection costs, including audit costs, incurred by the Funds in seeking collection of the delinquent contributions.

5. Notwithstanding the Defendant Company's obligations under the Agreement, as revealed pursuant to a payroll audit for the period of January 1, 2003 through March 31, 2005 (the "audit"), the Defendant Company has failed to properly report and remit contributions to the Funds for all of its employees covered by the Agreement.

6. The Company submitted disputes to certain findings to the audit, which the Funds reviewed and partially accepted.

7. The accepted disputes resulted in revised audit findings but nevertheless revealed that not all contributions required for the Defendant Company's bargaining unit employees had been reported and remitted to the Funds.

8. The Funds have made repeated request for payment of the revised audit amounts owed; however, despite such demands being duly made, the Defendant Company has not remitted the delinquent contributions and other sums remaining due.

9. All conditions precedent to requiring payment of these contributions amounts to the Fund have been met.

10. The Defendant Company's failure to make timely reports and contributions violates ERISA Section 515, 29 U.S.C. §1145, and LMRA Section 301, 29 U.S.C. §185.

11. Under ERISA Section 502(g)(2), 29 U.S.C. §1132(g)(2), the terms of the Agreement, and the Funds' governing documents, the Defendant Company is liable to the Funds for interest at the rate of 1% compounded monthly, liquidated damages in the amount of 20%, audit costs, and reasonable attorneys' fees and court costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request a judgment against RIZZA CHEVROLET, INC., as follows:

1. Finding that RIZZA CHEVROLET, INC., violated the Agreement;

2. Finding that RIZZA CHEVROLET, INC., is liable to the Funds for contributions, interest, liquidated damages, audit costs and attorneys' fees and court costs;

3. Ordering RIZZA CHEVROLET, INC., to pay to Plaintiffs all accrued interest, liquidated damages and attorney's fees as well as all delinquencies incurred prior to and after the filing of this suit;

4. Ordering RIZZA CHEVROLET, INC., to pay to Plaintiffs all court costs and reasonable attorneys' fees incurred for filing this suit; and

5. Granting all such other legal and equitable relief as the Court deems just and proper.

Respectfully submitted,

/s/LaKisha M. Kinsey-Sallis
LaKisha M. Kinsey-Sallis
One of Plaintiffs' Attorneys

J. Peter Dowd
Michele M. Reynolds
LaKisha M. Kinsey-Sallis
Steven W. Jados
**DOWD, BLOCH & BENNETT**
8 South Michigan Avenue, 19th Floor
Chicago, Illinois 60603
(312) 372-1361